David SEFTON,

v.

Matthew JEW; Interactive Classified Network Corporation Individually and d/b/a http://www.pictureview.com.

No. Civ. A–00–CA–473 JN.

United States District Court, W.D. Texas, Austin Division.

Dec. 21, 2000.

---

Kent M. Leediker, Austin, TX, Dan Krocker, Attorney at law, Houston, TX, for plaintiff.

Christopher L. Graff, Skjerven Morrill MacPherson, L.L.P., Austin, TX, Kirk N. Sullivan, Foley & Lardner, Los Angeles, CA, James D. Nguyen, Foley & Lardner, Los Angeles, CA, for defendants.

## ORDER

NOWLIN, Chief Judge.

Before the Court are Defendants' Motion to Dismiss Complaint, and Alternative Motion for More Definite Statement (Clerk's Doc. No. 9) filed 31 October 2000; Plaintiff's Response to Defendants' Motion to Dismiss Complaint, and Alternative Motion for a More Definite Statement (Clerk's Doc No. 13) filed 13 November 2000; and Reply Brief in Support of Defendants' Motion to Dismiss Complaint, and Alternative Motion for More Definite Statement (Clerk's Doc. No. 14) filed 1 December 2000. Having considered the Motion, Response, Reply, the entire case file and applicable law, the Court enters the following Order GRANTING Defendant's Motion for a More Definite Statement and *sua sponte* STRIKING Defendant's 13 November 2000 Response.[1]

### Federal Rule of Civil Procedure 8

"A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, *shall* contain (1) a *short and plain* statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." Relief in the alternative or of several different types may be demanded. Fed.R.Civ.P. 8(a) (emphasis added). Also, "[e]ach averment of a pleading *shall* be *simple, concise, and direct.* No technical forms of pleading or motions are required." Fed. R.Civ.P. 8(e)(1) (emphasis added).

The Court would like Plaintiff's counsel to become reacquainted (or just acquainted, as the case may be) with these requirements of Rule 8. Plaintiff's pleadings are in no way "short and plain," nor are they "simple, concise, and direct." Plaintiff's 50–page Complaint and 24–page Response amount to little more than 74 pages of wasted paper.

### Federal Rule of Civil Procedure 10

"All averments of claim ore defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable *to a statement of a single set of circumstances;* and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense *whenever a separation facilitates the clear presentation of the matters set forth."* Fed.R.Civ.P. 10(b) (emphasis added).

Again, Plaintiff's Complaint falls far short of the strictures of Rule 10. Rule 10 obviously contemplates a structure that will aid the reader's understanding. Plaintiff's counsel should attempt some sort of structure in his revised Complaint and revised Response.

---

1. While the Court did not seek and does not relish this chore, the Court will take this opportunity to educate Plaintiff's lawyer, Dan Krocker, on some of the more obvious points in the Federal Rules of Civil Procedure and in the practice of law. This is necessary in this case because of the extremely poor quality of Plaintiff's Complaint and Response. If the Court were to proceed with this case in its current state, the Court would be forced to function as Plaintiff's *de facto* attorney. The Court will refuse this inadvertent invitation from Plaintiff. *See Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1296 n. 16 (5th Cir.1994) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The Court recommends starting with an outline, using topic sentences, and taking care to use headings and subheadings.[2] Future stream-of-consciousness submissions from Plaintiff will not be acceptable.

### Federal Rule of Civil Procedure 11

"By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Fed.R.Civ.P. 11(b).

Rule 11 clearly contemplates representations being made by an attorney to the Court. In this regard, Plaintiff's counsel can rest easy. It would be virtually impossible to sanction counsel under Rule 11. In order to be sanctioned under Rule 11, counsel would have had to have made recognizable representation to the Court. Plaintiff's counsel should note two things about Rule 11. First, pleadings should contain comprehensible representations to the Court. Second, these clear-cut representations should be made for a proper purpose and should have a legal and factual basis.

### Defendant's Rule 12(e) Motion for a More Definite Statement

Not surprisingly, Defendant has moved for a more definite statement under Federal Rule of Civil Procedure 12(e). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." Fed.R.Civ.P. 12(e).

The Court is of the opinion that a more definite statement from Plaintiff is a splendid idea. Rule 12(e) motions are appropriate when the complaint is "sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376. p. 577–8 (2d ed.1990). To comply with an order for a more definite statement, "the party must submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading." *Id.* § 1379, at 636. If the Rule 12(e) order is not complied with and the subject of the order is the complaint, the complaint may be stricken, which has the "effect of a dismissal of the action." *Id.* § 1379, at 640.

### *Sua Sponte* Motion to Strike under Rule 12(f)

Upon its own initiative, the Court may order "any redundant, immaterial, impertinent, or scandalous matter" stricken from any pleading. Fed.R.Civ.P. 12(f). Rule 12(f) is "designed to reinforce the requirement in Rule 8(e)(1) that pleadings be simple, concise, and direct." 5A Wright & Miller § 1380, at 644. Any number of passages from Plantiff's Response are in violation of Rule 12(f). Al-

2. The Court also highly recommends proofreading for spelling and grammatical mistakes.

though Plaintiff's case appears to be about copyright infringement,[3] Plaintiff's counsel saw fit to include the following:

- ▶ "This case is simply about child pornography . . . . ." (Plaintiff's Response at 1.)

- ▶ "alt.binari es.picures.erotica.bestiality.hamster.duct-tape" (Plaintiff's Response at 4.)

- ▶ "Regardless of how the defendants disguise their business model, the entire business model is based upon providing content belonging to others and providing access to child pornography as well as [sic] other forms of illegal obscenity to subscribers, including Texas [sic] residents. As a result defendants are paid, and quiet [sic] frankly paid well [sic], hundreds of thousands of dollars a month, [sic] for providing a service identical to one that has already been found to illegally infringe upon others [sic] copyrights. The defendant's [sic] are quiet [sic] correct, [sic] in that plaintiff has filed numerous copyright infringement cases. His work has been popular on the Internet and his wife a popular model, and many people, including the defendant [sic] has [sic] stolen it. A common element found in EVERY case thus far has been child pornography in conjunction with piracy. Mr. Sefton, [sic] chose to prepare a complaint that would educate the basic solo criminal practitioner on several important issues regarding copyright law, never dreaming that reputable law firms would be taking such clients. Each litigiously astute businessman has structured his business in a manner attempting to create 'credible deniability', [sic] and what we call the Flip Wilson defense—'the devil made me do it', [sic] which in this case the devil is the defendant's [sic] automated computer software, [sic] that infringes willy nilly, leaving no accountability and hopeful-

ly [sic] with respect to the defendant [sic] no liability. Surprisingly [sic] in each case the defense has hired very good lawfirms [sic]."[4] (Plaintiff's Response at 3.)

- ▪ "Plaintiff and his wife have strong philosophical problems with underage erotic photography. They were fired from their first Internet contract because they refused to photograph minors having sex. They were one of the first Internet photographers to pioneer age statements and verifications. They have consistently maintained their standard on their site as what is displayed on cable TV, promoting healthy sensual entertainment for consenting adults. Their work has been featured as part of playboy Cable TV documentary on the Lifestyle and their sensual photography [sic]. Plaintiff has also had his articles published in a variety of fields as well as their joint work 'hang' in state wide photo competition." (Plaintiff's Response at 4.)

While the foregoing list is by no means exhaustive, it does serve to illustrate the "redundant, immaterial, impertinent, or scandalous matter" in Plaintiff's Response. While the Court realizes "there is a general antipathy toward motion practice that is designed simply to polish the pleadings, if a pleading grossly violates the requirements of Rule 8(e)(1) the court may grant a motion to strike. Ordinarily only the objectionable portions of the pleading will be stricken. However, when the violation of Rule 8(e)(1) is such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the

---

3. Apparently, the copyrighted works being infringed are nude photographs of Plaintiff's wife taken by Plaintiff for use on his Internet site, www.texascollegegirls.com. (Plaintiff's Response at 3.)

4. This is easily the worst paragraph in a civil pleading that the Court has read in 19 years on the bench. Plaintiff's counsel has so brutalized the English language as to make it almost unrecognizable. To make matters worse, Mr. Krocker brutalized the English language in a paragraph that is completely irrelevant to Defendants' Motion.

pleading, the court often will take the easier path of striking the entire pleading and granting leave to replead." 5 Wright & Miller § 1281, at 522–3.

### Final Notes

 The Court would like to draw Plaintiff's counsel's attention to a few final matters:

1. When a nonresident defendant moves to dismiss for lack of personal jurisdiction, *the plaintiff bears the burden* of demonstrating the district court's jurisdiction over the defendant. *Wilson v. Belin,* 20 F.3d 644, 649 (5th Cir. 1994) (emphasis added). Therefore, instead of choosing not to "engage the court in a lengthy esoteric discussion" (Plaintiff's Complaint ¶ 2) regarding jurisdiction in this case, Plaintiff shall attempt to clearly establish the factual and legal bases for this Court's exercise of personal jurisdiction over Defendants. This analysis by Plaintiff shall include, *inter alia,* a discussion of whether this Court has specific personal jurisdiction over Defendants, general jurisdiction over Defendants, or both. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

2. Western District of Texas Local Rule CV–7(d) deals with responses: "The response shall contain a *concise* statement of the reasons and opposition to the motion and citations of the *specific* legal authorities upon which the party relies. The response is limited to ten (10) pages unless otherwise authorized by the Court. If there is no response filed within the time period prescribed by Section (f) of this rule, the Court may grant the motion as unopposed." (emphasis added). Plaintiff is urged to adhere closely to Rule CV–7(d). No page limit extensions will be granted. Also, any motions made by Defendant that are not *specifically* responded to by Plaintiff will be granted as unopposed. It is not enough to file pieces of paper entitled "Response"; Plaintiff must actually *respond.* This entails setting forth the factual and legal bases that support Plaintiff's opposition to Defendant's Motion.

3. Western District of Texas Local Rule AT–3 allows the Court to "require an attorney appearing in this court who maintains his office outside of this district to designate a member of the Bar of this Court who does maintain an office within this district as co-counsel with the authority to act as attorney of record for all purposes." Given Plaintiff's counsel's first two pleadings in the instant cause, the Court is going to require local co-counsel.[5]

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Dismiss Complaint, and Alternative Motion for More Definite Statement is hereby GRANTED IN PART. Plaintiff shall FILE a revised Complaint in this cause consistent with Rules 8(a), 8(e)(1), 10(b), 12(e) and this Order no later than 5 January 2001. Defendants will then either re-urge their 31 October 2000 Motion or they will file any pleadings allowed or required by the Rules.

IT IS FURTHER ORDERED that Plaintiff's Response to Defendant's Motion to Dismiss Complaint, and Alternative Motion for a More Definite Statement is hereby STRICKEN in its entirety. Assuming Defendants choose to re-urge their 31 October 2000 Motion, Plaintiff will file a new response consistent with Rules 8(e)(1), 12(1), Local Rule CV–7(d) and this Order.

IT IS LASTLY ORDERED that Plaintiff shall DESIGNATE local co-counsel pursuant to Local Rule AT–3 and shall FILE such designation by 5 January 2001.

---

5. The Court would also like to draw Plaintiff's counsel's attention to Western District of Texas Local Rule AT–1(i)(4). While Plaintiff's counsel has not dipped below this floor yet, he would be wise to keep this rule foremost in his mind while practicing in the Western District of Texas.